[Civ. No. 5008. Second Appellate District, Division One.—January 18, 1928.]

COUNTY OF LOS ANGELES, Respondent, v. FANNIE SCHAFFNER et al., Appellants.

Stanley Visel for Appellants.

Edward T. Bishop, County Counsel, and Arthur T. George and W. Sumner Holbrook, Jr., Deputies County Counsel, for Respondent.

HAHN, J., *pro tem.*—This is an appeal from a judgment in favor of the plaintiff rendered in an action to recover on a bail bond. The case comes up on the judgment-roll alone.

It appears from the complaint that one Dan Dubreville was arraigned on a charge of violation of the Wright Act [Stats. 1921, p. 79]. He waived preliminary examination and was bound over for trial to the superior court, at

which time the committing magistrate fixed his bond at one thousand dollars. The defendants qualified as sureties on this bond, and Dubreville was released from custody pending trial. The bail bond in this action is in the usual form, the sureties undertaking that Dubreville would hold himself amenable to the orders and process of the court, etc.

It further appears from the complaint that after his release the district attorney of Los Angeles County on October 5, 1923, filed in the superior court an information charging him with the offense for which he was bound over. The complaint further alleges that on October 8, 1923, the case of *People of the State of California, Plaintiff,* v. *Dan Dubreville, Defendant,* being No. 20877, was duly and regularly called in Department 12 of the superior court for the arraignment of the defendant, and that at the said time and place the defendant did not appear and was not present; that the court duly and regularly continued said cause for arraignment until the fifteenth day of October, 1923, and that on said date the case was again called for arraignment, and that at the said time and place the said defendant did not appear and was not present to answer said charge pending against him and did not render himself amenable to the orders and process of said court; that thereupon the court ordered the bail of said defendant forfeited, and that such order was duly entered in the minutes, and that such order of forfeiture has not been set aside.

The amended answer filed by the defendants admits the execution of the bond, but denies that Dubreville did not render himself amenable to the order and process of the court. The amended answer contains the further allegation that on the occasions when the case in question was called for arraignment, namely, on October 8, 1923, and October 15, 1923, the defendant Dubreville was "present by counsel, ready and willing to proceed with such arraignment, and present to answer said charge . . . , and to abide the order and process of the court." The judgment was in favor of the plaintiff as prayed for.

Two grounds are urged by appellants for reversal of the judgment.

First, that the charge in the information against Dubreville was a misdemeanor, and under section 977 of the Penal Code Dubreville was not required to be in court personally for the arraignment, but he had the right to appear for arraignment by counsel, and that he did so appear by counsel. Hence, the court had no legal right to forfeit the bond.

Second, that the findings in the case do not cover all of the material issues raised by the pleadings.

■ The first point may be readily disposed of by pointing out that in the findings by the court appears the following finding of fact: "that on the 15th day of October, 1923, the said case of the *People of the State of California, plaintiff*, vs. *Dan Dubreville, defendant*,' No. 20877, was duly and regularly called in Department 12 of said Superior Court, and at said time and place the said Dan Dubreville did not appear and was not present in person or by counsel to answer said charge pending against him as hereinabove set forth, and did not render himself amenable to the order and process of said Court." We must assume, inasmuch as the case is here on the judgment-roll, that there was abundant evidence to support this finding.

■ As to the second point, that the court failed to find on material affirmative issues in the amended answer, appellants urge that the court failed to find on his allegation that he was present in court by his counsel on October 8th, the first time the case was called for arraignment.

While it is true the findings are silent on the question of whether or not counsel for Dubreville was present and ready for the arraignment of his client on October 8th when the case was called, it becomes wholly immaterial for the reason that it clearly appears from the findings that there was no such appearance for him on October 13, 1923, at which time the bail was forfeited for nonappearance.

There is no merit in the appeal, and the judgment and order of the court denying the motion for a new trial are affirmed. It appearing to the court that this appeal, being devoid of any merit, was taken for the purposes of delay, it is further ordered that the appellants pay to respondent as damages the sum of one hundred dollars, which amount shall be included in the costs to be allowed respondent on this appeal.

Houser, Acting P. J., and York, J., concurred.